**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHAWNCOULSON, LLP, <br>   a District of Columbia Limited <br>   Liability Partnership; and <br> <br>   and <br> <br> KING LAW CORPORATION, <br>   a California Corporation, <br> <br>                              Plaintiffs, <br> <br> v. <br> <br> ONEAL WOOD, <br>          an individual; <br> <br>   and <br> <br> POWERTRAIN, INC., <br>   a Mississippi Corporation <br> <br>   and <br> <br> WOOD SALES COMPANY, INC., <br>   a Mississippi Corporation; <br> <br>   and <br> <br> TOOL MART, INC., <br>   a Mississippi Corporation, <br> <br>                              Defendants | Civil Action No. 1:08-CV-01602 HHK <br> <br> **OPPOSITION OF PLAINTIFF** <br> **SHAWNCOULSON, LLP TO** <br> **DEFENDANTS' MOTION** <br> **TO REOPEN [DOC 72]** |

Comes now Plaintiff ShawnCoulson, LLP, a District of Columbia, Limited Liability Partnership ("ShawnCoulson" or "Plaintiff"), and respectfully submits its Opposition to Defendants' Motion to Reopen. In support of its position, Plaintiff avers:

**SUMMARY OF POSITION**

Well over two and one-half years after this case was amicably settled and dismissed after a joint motion of the parties, Defendants now seek to reopen this matter in a misguided effort to seek Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 sanctions against a non-party affiant. Defendants neither cite nor make any effort to comply with the strict reopening criteria of Fed. R. Civ. P. 60 nor explain how Rule 11 and Section 1927's limitations to parties and their counsel can be ignored in seeking sanctions against a non-party affiant in a case dismissed years ago.

Defendants' excuse for violating the clear requirements of Rules 11 and 60, and Section 1927 is their matter is somehow "novel". There is nothing novel, however, about yet another suit for nonpayment of legal fees brought against Defendants, and not even Defendants suggest they are without recourse or remedy against any perceived indignity in the Mississippi suit they now defend.

Besides ignoring the reopening criteria of Rule 60, the party and counsel limitations of Rule 11 and Section 1927, and the underwhelming nature of their allegations, Defendants cite no direct authority to support their belated and bizarre request. In fact, Defendants fail to cite any precedent for the novel proposition that witnesses or affiants could be cited in proceedings terminated years beforehand. The authority on which Defendants rely actually undermines their position.

Beyond inexcusable errors of law and pleading, Defendants' factual allegations are irrevocably twisted and contorted. A simple review of the materials Defendants append to their

motion, without any attempt to confirm the authenticity, admissibility, or veracity of such materials by attestation under oath, suggests Defendants' allegations are fundamentally wrong. For example, Defendants dwell upon whether Wheeler & Franks was a party to ShawnCoulson's engagement agreement with Defendants, but Defendants' Oneal Wood conveniently never signed any such agreement.

If the materials Defendants append fit Defendants' theories Defendants now advance, Defendants cannot excuse their failure timely to raise such issues under Rule 60. Defendants failed to initiate any discovery on Wheeler & Franks after Mr. Wheeler's affidavit was filed and while this action was pending before this Court. If Defendants argue the alleged inconsistent position arose after this action was settled and dismissed with prejudice, Defendants cannot explain why they failed to seek reopening after February 5, 2010, some seven months after this case settled on August 6, 2009, well within Rule 60's one-year deadline when Wheeler & Franks sued Defendants for nonpayment of their legal fees,

The real motivation for Defendants' motion is clear: they seek to mount a collateral attack against yet another law firm, Wheeler & Franks, Defendants failed to pay. If Defendants have a dispute with Mississippi's Wheeler & Franks, or its principals, Defendants should bring that dispute before the Mississippi court before which it has been hailed for nonpayment and other causes of action. Beyond breaching their two and one-half year-old settlement agreement with Plaintiffs, Defendants have no basis in law or fact to merit the frivolous relief they now seek.

## STATEMENT OF THE CASE

Plaintiffs sued Defendants over three years ago, on November 17, 2008, for nonpayment of legal fees owing, among other relief. After mediation in June 2008, Plaintiffs and Defendants

amicably settled this matter and jointly moved for and secured dismissal of this action, with prejudice, by order entered August 6, 2009.

Before the parties ultimately settled this action, Defendants unsuccessfully sought to dismiss or transfer Plaintiffs' action from the District of Columbia to Mississippi. Notwithstanding their concern about another potential law suit against them for yet more nonpayment of legal fees, Defendants settled this action and secured its dismissal, with prejudice.

Approximately six months after this Court dismissed this action with prejudice on August 6, 2009, following the settlement Defendants reached with Plaintiffs, on February 5, 2010 the Wheeler & Franks law firm in Mississippi sued Defendants, before A Mississippi Chancery Court, for nonpayment of their legal fees. Now, well over two years since that dismissal, and nearly two years after Defendants were sued in Mississippi, Defendants inexplicably demand reopening of this dismissed action because, it seems, they were later sued by Wheeler & Franks after all for fees owing.

## ARGUMENT OF THE CASE

1**.**     **Fed. R. Civ. P. 60 Bars the Relief Defendants Now Belatedly Seek.**

Incredibly, Defendants never cite nor argue the time limitation of Rule 60, which provides limited grounds for relief from a final judgment, order, or proceeding up to a "year after the entry of the judgment or order or the date of that proceeding." Fed. R. Civ. P. 60(c)(1). Further, Defendants fail to disclose Rule 60's grounds are limited to "fraud (intrinsic or extrinsic), misrepresentation, or misconduct **by an opposing party**." Fed. R. Civ. P. 60(b)(3).**(emphasis added).** Defendants are simply time-barred from such relief nearly two and one-half years later. If such dilatory inaction could somehow be excused, Defendants' request is

still misspent because the conduct of which they complain is an affiant's, not a party, as explicitly required under Rule 60(b)(3).

Significantly, Defendants neither attempt nor can excuse their dilatory conduct under Rule 60(b)(2), which requires, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Specifically, this Court dismissed this action by judgment entered August 6, 2009; however, Wheeler & Franks filed its Mississippi law suit against Defendants on February 5, 2010, barely six months later. *See,* Defendant's Exhibit A to their Motion to Reopen [DOC 72]. Defendants thus had ample time to raise their alleged inconsistency concerns, and yet inexplicably failed to comply with Rule 60's one-year time limitation, assuming Defendants could somehow transform an affiant into a party and seriously claim the affiant had committed fraud or other misconduct, Defendants' proffered evidence of which is lacking, at its charitable best.

If Defendants now seriously suggest they were unaware of the alleged Wheeler & Franks inconsistency until they took Mr. Wheeler's deposition in Booneville, Mississippi on April 26, 2011, their problems proliferate. First, Defendants offer no explanation why they did not timely notice, with a full six months remaining under Rule 60(b), Mr. Wheeler's deposition after Wheeler & Franks filed its Mississippi complaint on February 5, 2010. Second, Defendants offer no explanation why they then waited yet another six months, after Mr. Wheeler's April 26, 2011 deposition to present this issue before this Court.

By any standard, Defendants' dilatory behavior and repeated, inexplicable delays, justify a summary rejection of their ill-advised motion. Indeed, given the clear inapplicability of the relief Defendants purportedly seek, their motion seems clearly designed for other purposes in the Mississippi suit they now defend.

**2.      Rule 11 Is Inapplicable and Affords Defendants No Relief.**

By its clear terms, Rule 11 is limited to parties and their counsel who sign pleadings, as Defendants' own cited authority explicitly held in *Jemison v. Nat'l Baptist Convention, USA, Inc.*, 720 A.2d 275, 287 (D.C. App. 1998) ("In light of *Bredehoft* and *Chevalier*, we hold that, to the extent that the court relied on Rule 11, it erred insofar as neither Jemison nor Fleming had signed any pleading or other document on which the court's sanctions were based."); As explained in *Clark v. Mortenson*, 93 Fed. Appx. 643, 652 (5th Cir. 2004), Rule 11 applies only to a party, his agent, or his attorney who "signs an abusive pleading or motion."

In this action, Mr. Wheeler was neither a party, a party's agent, nor a party's attorney. Further, Mr. Wheeler did not sign any "abusive pleading or motion". Accordingly, for whatever sin Defendants insist Mr. Wheeler committed, Rule 11 provides no remedy.

Defendants not only erroneously rely upon Rule 11, they also twice violated its clear terms. First, they violated Rule 11 by combining that requested relief with their request to reopen this two and one-half year-old case. Second, they violated the explicit safe harbor requirement by failing to serve a copy of their motion on Plaintiffs 21 days before filing their motion with this Court.

If Defendants now claim Mr. Wheeler or his law firm are or were somehow a party in this action before this Court, their moving papers show no attempt to serve them 21 days in advance, as required under Rule 11(c)(2). As such, even if Defendants had timely filed to reopen this action and even if the affiant Wheeler was a party or had signed a pleading in this action, Defendants have, once again, openly violated the clear language and requirements of Rule 11. *See Diamonds.net LLC v. Idex Online, Ltd.*, 254 F.R.D. 475, 476 (S.D.N.Y. 2008) ("Failure to observe [Rule 11 procedures] is fatal to a party-initiated motion for sanctions."), and *In the*

*Matter of: Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (finding, after surveying multiple circuits, all authority, except a single Seventh Circuit opinion, hold non-compliance with safe-harbor requirements is necessarily fatal).

If Defendants could somehow overcome the foregoing litany of inexplicable noncompliance, their motion would still be fatal because this case was closed, thus depriving this Court of jurisdiction under Rule 11, as explained in *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003) (citing, in footnotes 1 and 2, a wealth of supporting authority). Although Defendants insist there is confusion over Rule 11 jurisdiction in a closed case, they fail to cite any authority supporting their claim. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 389 (1990) (pre-1993 amendment case, allowing court to impose sanctions after voluntary dismissal, where motion for sanctions made before voluntary dismissal); *Willy v. Coastal Corp.*, 503 U.S. 131, 133 (1992) (pre-1993 amendment case, allowing sanctions where motion made before dismissal).

Rule 11's timeliness requirement rests upon its safe-harbor requirement and, therefore, limits party-initiated Rule 11 motions. By contrast, all courts retain a sua sponte ability to sanction under Rule 11. *Compare* 323 F.3d at 87 (permitting sua sponte use of Rule 11 after judgment) *with id*. at 89 (citing authority refusing party-initiated Rule 11 motions after judgment).

Defendants' failure to act in this matter, for some two and one-half years after this action was dismissed, vitiates any continuing jurisdiction over their non-compliant and defective Rule 11 motion. Defendants' misspent attempts to invoke the inherent authority of this Court under 28 USC §1927 or other authority is of no moment because Defendants literally have no standing to seek Rule 11 or Section 1927 sanctions, if such sanctions lay.

**3.      No Relief Lies under 28 U.S.C. §1927 or this Court's Inherent Powers.**

Like Rule 11, 28 U.S.C. §1927 and the court's inherent power to sanction focus on avoidance of undue cost and delay. 93 Fed. Appx. at 652. The Second Circuit has found Section 1927 and the inherent power to sanction overlap. *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986) ("Indeed, the only meaningful difference between an award made under §1927 and one made pursuant to the Court's inherent power is, as noted above, that awards under §1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the Court's inherent power may be made against an attorney, a party, or both.").

For sanctions to lie under Section 1927, however, the target must have authority to affect whether claims or motions were made or maintained. *See* 93 Fed. Appx. at 652 (identifying §1927 as intended to discipline bad faith intention to multiply or prolong proceedings); 803 F.2d at 1272 ("An inherent power award may be imposed either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons."); 720 A.2d at 283-88 (upholding lower court's finding that non-party exercised degree of de facto control over filing fraudulent complaint, and sustaining award under inherent powers).

In this case, however, Mr. Wheeler was merely an affiant. Not even Defendants suggest Mr. Wheeler exercised any control over what claims or motions were made before this Court. Simply put, as a mere affiant, Mr. Wheeler is not the proper subject of sanctions under Section 1927 or this Court's inherent powers.

Moreover, there is abundant authority to reject relief under Section 1927 and the inherent powers of the court where, as here, a party has inexcusably failed to comply with Rule 11's safe-harbor provisions. *See, e.g., Oblio Telecom, Inc. v. Patel*, 2010 WL 99353 (N.D. Tex. 2010)

(citing *Chatham Partners, Inc. v. Fidelity and Deposit Co. of Maryland*, 2001 WL 126960 (S.D.N.Y. 2001); *Malbrough v. Kilpatrick & Stockton, LLC*, 1999 WL 643633 (E.D. La. 1999); D. Hart, *And the Chill Goes On-Federal Civil Rights Plaintiffs Beware: Rule 11 Vis-à-vis 28 U.S.C. § 1927 and the Court's Inherent Power*, 37 LOY. L.A. L.REV. 645, 649, 684 (2004)).

Defendants' defective and misguided attempt to pursue their stale and unsupported claims falls clearly within the foregoing rejection of Section 1927 relief. Clearly, given such stark and fatal facts, no party could credibly advance an argument to the contrary.

## CONCLUSION

Defendants' misguided motion repeatedly violates procedural and substantive law. It likewise rests upon contradictory facts Defendants conveniently ignore. As such, Defendants' motion should be summarily dismissed and Defendants should be left to argue their concerns, however misguided, in the Mississippi court they clearly seek to circumvent with their fatally-flawed motion.

**WHEREFORE,** Plaintiff respectfully requests this Court deny Defendants' motion and grant such other and further relief as the ends of justice may require. A proposed form of Order is attached.

DATE: December 23, 2011

Respectfully submitted,

SHAWNCOULSON, LLP

By: /s/ William H. Shawn
William H. Shawn
D.C. Bar No. 198416

        1850 M Street, N.W. Suite 280
        Washington, D.C. 20036-5804
        Te:  202.331.2300
        Fax: 202.403.3747
        wshawn@shawncoulson.com
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of December 2011, I served a copy of the forgoing on all counsel of record via ecf.

        Roger A. Morrison
        FARKAS + TOIKKA, LLP
        5605 Bradley Boulevard
        Bethesda, Maryland 20814
        ram@FarkasToikka.com

        Duncan Lee "Bubba" Lott
        LANGSTON & LOTT, P.A.
        100 South Main Street, P.O. Box 382
        Booneville, MS 38829
        dlott@langstonlott.com

        *Counsel for Defendants*

        /s/ Douglas E. Evans
        Douglas E. Evans

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWNCOULSON, LLP,<br>　　a District of Columbia Limited<br>　　Liability Partnership; and<br><br>and<br><br>KING LAW CORPORATION,<br>　　a California Corporation,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ONEAL WOOD,<br>　　an individual;<br><br>and<br><br>POWERTRAIN, INC.,<br>　　a Mississippi Corporation<br><br>and<br><br>WOOD SALES COMPANY, INC.,<br>　　A Mississippi Corporation;<br><br>and<br><br>TOOL MART, INC.,<br>　　A Mississippi Corporation,<br><br>　　　　　　　Defendants | Civil Action No. 1:08-CV-01602 HHK<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO REOPEN [72]** |

　　This matter comes before the Court on Defendants' Wood, et al. ("Defendants") Motion to Repoen Case [72].

Having considered the Defendants' Motion to Reopen and Opposition of Plaintiff ShawnCoulson, LLP to Defendants' Motion to Reopen [72] thereto, the Court finds that Defendants' motion has no merit.

THEREFORE, this____day of December, 2011, it is hereby ORDERED that Defendants' Motion to Reopen is DENIED.

ORDERED AND ADJUDGED this the _____ day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA